**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ADA LEEANN ANDRES COX,**

      **Plaintiff,**

                                **Civil Action 2:13-cv-1203**
     **v.**                          **Judge Algenon L. Marbley**
                                **Magistrate Judge Elizabeth P. Deavers**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Ada Leeann Andres Cox, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income.  This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 11), the Commissioner's Memorandum in Opposition (ECF No. 16), Plaintiff's Reply (ECF No. 17), and the administrative record (ECF No. 8).  For the reasons that follow, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner of Social Security's nondisability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

# I.    BACKGROUND

In March 2004, when Plaintiff turned eighteen, she was found to be disabled and approved for Disabled Adult Child under Title II of the Social Security Act benefits based upon her father's earnings record.  In May 2004, Plaintiff married, which terminated her classification as a disabled adult child and rendered her ineligible to draw on her father's earnings records.  (R. at 263.)  In July 2004, Plaintiff applied for Supplemental Security Income ("SSI").  In November 2004, Plaintiff was again found to be medically disabled and awarded benefits.  She continued to receive SSI disability benefits through February 2007.  When Plaintiff divorced her first husband in November 2006, she filed a new application for disabled adult child benefits, even though her prior marriage prevented her from being re-entitled to this type of benefit.  Due to administrative error, her application for disabled child benefits was accepted and approved.  Plaintiff continued to receive benefits as a disabled adult child until July 2010 even though she should have instead continued to receive SSI based upon her July 2004 application.

Plaintiff remarried in April 2010, but neglected to report the marriage to the Administration.  When Plaintiff visited her Social Security field office in July 2010 to request a name change, a staff member discovered that Plaintiff was erroneously receiving benefits as a disabled adult child.  The Administration terminated her disabled adult child benefits and processed a new application for SSI.  (R. at 263.)

Plaintiff's application was denied initially and upon reconsideration.  The Administration made these determinations without consideration of the evidence contained in the previous case files.  Plaintiff sought a *de novo* hearing before an administrative law judge.  Administrative Law Judge Gilbert A. Sheard ("ALJ") held a hearing on May 3, 2012, at which Plaintiff, represented

by counsel, appeared and testified.  (R. at 28-44, 46-48.)  On at least two occasions prior to the

hearing, Plaintiff's counsel requested that the record be supplemented.  (*See* R. at 147 ("[W]e do

not believe the claim is ready for hearing as it is lacking documentation relating to [Plaintiff's]

previous eligibility benefits."); R. at 268 ("[I]t does not appear that the file has been properly

supplemented with the prior claim file as requested last month.  We believe that it is imperative

to a proper adjudication . . . to have the records from the prior file made a part of her current

file.").)  On June 15, 2012, the ALJ issued a decision finding that Plaintiff was not disabled

within the meaning of the Social Security Act.  (R. at 7-21.)  The ALJ did not obtain the

requested records prior to rendering his decision.  In addition, the ALJ failed to acknowledge the

request for the records or even mention the Administration's prior determinations that Plaintiff

was medically disabled.  On October 30, 2013, the Appeals Council denied Plaintiff's request for

review and adopted the ALJ's decision as the Commissioner's final decision.  (R. at 1-5.)  The

Appeals Council did not obtain the requested records prior to rendering their decision.  Plaintiff

then timely commenced the instant action.

## II.    STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the

Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to

proper legal standards.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009)

(quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. §

405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by

substantial evidence, shall be conclusive . . . .").  Under this standard, "substantial evidence is

defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial.  The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision.  *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).  Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## III.   ANALYSIS

In her Statement of Errors, Plaintiff asserts that reversal is warranted on numerous grounds.  The Court finds Plaintiff's first contention of error, that the "ALJ failed to fully and fairly develop the record with evidence contained in a previous file," to be well taken.[1]

---

[1]This finding obviates the need for in-depth analysis of Plaintiff's remaining assignments of error.  Thus, although some of Plaintiff's remaining assignments of error appear to be well taken, the Undersigned need not, and does not, resolve these alternative bases Plaintiff asserts support reversal and remand.  Nevertheless, on remand, the ALJ may consider Plaintiff's remaining assignments of error if appropriate.

Although the claimant bears the burden of establishing that he or she is entitled to disability benefits, the United States Supreme Court has emphasized that "Social Security proceedings are inquisitorial rather than adversarial." *Sims v. Apfel*, 530 U.S. 103, 110–11 (2000) (plurality). Accordingly, "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . ." *Id.* at 111. The United States Court of Appeals for the Sixth Circuit has long recognized the ALJ's duty to fully develop the record through "a full and fair hearing." *Lashley v. Sec. of Health & Human Serv.*, 708 F.2d 1048, 1051–52 (6th Cir. 1983). In addition, where the claimant is proceeding without counsel, the ALJ has a "special, heightened duty" to develop the administrative record and ensure a fair hearing. *See Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x. 456, 459 (6th Cir. 2008) (citing *Lashley*, 708 F.2d at 1051–52). Finally, the ALJ's duty applies in every case, regardless of whether or not the claimant is represented by legal counsel. *Gibson v. Comm'r of Soc. Sec.*, No. 1:13-cv-69, 2014 WL 619135, at *5 (S.D. Ohio Feb. 18, 2014).

Here, because Plaintiff was represented by counsel throughout the administrative proceedings, the ALJ's basic duty to fully and fairly develop the record did not rise to the heightened duty applicable when a claimant appears during social security proceedings without an attorney or representative. *Lashley*, 708 F.2d at 1051–52. But the Administration's failure to respond to Plaintiff's counsel's requests to supplement the record undermined Plaintiff's counsel's ability to effectively represent his client. In particular, Plaintiff's counsel was unable to access prior consultative examinations or the opinions of the Social Security medical reviewers who had previously determined that Plaintiff satisfied the requirements for disability. Because Plaintiff had been previously adjudicated as medically disabled, the Undersigned rejects

5

Defendant's contention that Plaintiff's assertion that the records could have assisted her in proving that she was disabled is "purely speculative." (Def.'s Opp. 6, ECF No. 16.) Indeed, as Plaintiff points out, if not for the Administration's error in processing her application for adult child benefits under Title II in 2006, the Administration would have been required to analyze the records Plaintiff now seeks to obtain to determine if her condition had improved or changed. Under these circumstances, the ALJ clearly violated his duty to develop the record. Remand is therefore appropriate.

## IV.  CONCLUSION

Due to the errors outlined above, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g). Accordingly, the undersigned **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## V.  PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816*,* 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)

Date: February 5, 2015                                    */s/ Elizabeth A. Preston Deavers*
                                                                  Elizabeth A. Preston Deavers
                                                                  United States Magistrate Judge

7